## DALY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   February 23, 1905.)

STREET RAILROADS—PERSONAL INJURIES—COLLISION—ABSENCE OF CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railroad for personal injuries sustained in a collision of plaintiff's vehicle with a car, evidence *held* insufficient to show an absence of contributory negligence on plaintiff's part.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John J. Daly against the New York City Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Henry F. Gannon, for appellant.

F. M. Patterson, for respondent.

McCALL, J.   Upon his direct examination, and again upon his cross-examination, the driver who was in charge of the wagon clearly and positively swore that, as he came out of Forty-Third street into view on Third avenue, he looked up the avenue, and saw a car bound downtown at Forty-Fourth street; that he then drove right ahead, and did not see the car again, nor did he look for it, because, as he swore, "It was not right to look again," and "I thought I could clear the track."   It is true that on the redirect, after a process of guiding or instruction in the questions put, he so testified that an inference could be drawn that he looked again as he approached the south-bound track,

and that the car was then 125 feet away. Accepting either pieces of testimony as being the correct version of his story, I do not see but that, upon this evidence, the judgment reached herein must be reversed. If it is the fact that he looked but once, and at that time saw the south-bound car, and then deliberately started and drove right ahead, and never concerned himself with the progress of approach of that car, which he knew was bound in his direction, and was utterly indifferent as to its coming his way or the progress it was making, it can hardly be said that he was acting with that degree of care which is requisite, under the law, to render him free from contributing to the negligence that caused the accident. If, on the other hand, he was cautious to the degree of looking a second time, and then saw this car 125 feet away, but essayed to cross ahead of its reaching him, a collision ensuing, it is his fault as much as the motorman's, and by his act contributing he defeats a recovery. There may be abundance, and more, of proof showing negligence on the part of motorman, but there is nothing in this case showing absence of contributory negligence on the part of plaintiff's driver. In fact, there is everything pointing to his being guilty of the same. For this reason, judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SCOTT, J., concurs. GIEGERICH, J., concurs in the result.